UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMANA GLOBAL COMPANY, et al., | CASE NO. C22-1626JLR |
| Plaintiffs, | ORDER |
| v. | |
| KING COUNTY FLOOD CONTROL ZONE DISTRICT, et al., | |
| Defendants. | |

## I.   INTRODUCTION

Before the court are *pro se* Plaintiffs Amana Global Company ("Amana") and Hafid Tahraoui's (collectively, "Plaintiffs"[1]) motions for (1) an extension of time to file a

//

//

---

[1] Mr. Tahraoui is the owner of Amana, a sole proprietorship.  (Compl. (Dkt. # 1) ¶¶ 1-2.)

response in opposition to Defendants'[2] motions to dismiss (MMTE (Dkt. # 31)) and (2) an extension of time to file a first amended complaint (CMTE (Dkt. # 32)).  The King County Defendants and KC Flood oppose Plaintiffs' motions, and Pan Abode opposes Plaintiffs' motion to extend the time to file a first amended complaint.  (Pan Abode CMTE Resp. (Dkt. # 36); KC & KC Flood CMTE Resp. (Dkt. # 35); KC & KC Flood MMTE Resp. (Dkt. # 37).)  The court has considered the parties' submissions, the balance of the record, and the applicable law.  Being fully advised,[3] the court DEFERS ruling on the pending motions and ORDERS Plaintiffs to show cause why their claims against Defendants should not be dismissed.

## II.    BACKGROUND

Amana leased part of a warehouse and the yard space adjacent to it at 22230 Russell Road in Kent, Washington (the "Property") under a lease agreement that expired on August 31, 2021.  (Compl. ¶ 14.)  In May 2016, King County purchased the Property for the completion of the Lower Russell Levee Setback flood protection project (the "Project").  (*Id.* ¶¶ 13, 15.)  On July 21, 2016, King County informed Plaintiffs and all other tenants on the Property that it was in the process of acquiring the Property for the Project and that it would be necessary for all tenants to vacate the Property.  (*Id.* ¶ 16.)

---

[2] Defendants include King County Flood Control Zone District ("KC Flood"); Pan Abode Homes, Inc. ("Pan Abode"); and King County, Josh Baldi, John Taylor, and Michael Murphy (collectively, "King County Defendants").

[3] No party has requested oral argument (*see* CMTE at 1; MMTE at 1; Pan Abode CMTE Resp. at 1; KC & KC Flood CMTE Resp. at 1; KC & KC Flood MMTE Resp. at 1), and the court has determined that oral argument would not be helpful to its disposition of the motions, *see* Local Rules W.D. Wash. LCR 7(b)(4).

1    Beginning in the fall of 2017, Plaintiffs and King County began to negotiate the

2    purchase of the remaining term of Amana's lease.  (*Id.* ¶ 23; *see also id.* ¶¶ 16-22.)

3    Because Plaintiffs and King County could not arrive at a jointly acceptable monetary

4    figure, King County filed a condemnation action in King County Superior Court on July

5    11, 2018 (the "Condemnation Action").  (*Id.* ¶ 26; *see also id.* ¶¶ 24-25.)  On October 12,

6    2018, the Superior Court issued an order of public use and necessity.  (*Id.* ¶ 27.)  On

7    December 12, 2018, Amana appealed that order to the Washington Court of Appeals.

8    (*Id.* ¶ 28.)

9    On March 20, 2019, Pan Abode, "a judgment creditor" for Mr. Tahraoui in an

10   unrelated matter, "purchased Amana's interest in the [C]ondemnation [A]ction at a

11   Sheriff's [s]ale auction, pursuant to a writ of execution."[4]  (*Id.* ¶ 29; *see also* Pan Abode

12   MTD (Dkt. # 26), Ex. 3 (Mr. Tahraoui's letter to the Washington Court of Appeals and

13   Related Sheriff Sale Documents).[5])  In April 2019, Mr. Tahraoui wrote a letter to the

14   Washington Court of Appeals, on behalf of Amana, informing the court that Pan Abode

15   had purchased Amana's interest in the condemnation action at a Sheriff auction and

16   admitting that as a result, Amana was no longer a party in the appellate proceeding.  (Pan

17

18   [4] The court notes that Plaintiffs also allege that Pan Abode did not actually "acquire
19   Amana's leasehold interest" because that interest "was neither included in the Sheriff's sale nor
     subject to execution."  (Compl. ¶¶ 29, 31-32.)  The court need not resolve this dispute because it
     does not impact the court's analysis in this order.

20   [5] The court takes judicial notice of this letter, which Mr. Tahraoui filed with the
21   Washington Court of Appeals, as well as other court filings made in relation to the
     Condemnation Action.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6
22   (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public
     record.").

1    Abode MTD, Ex. 3.)  On May 8, 2019, the Court of Appeals granted Pan Abode's motion

2    for substitution and Amana was dismissed from that appeal.  (Compl. ¶ 30.)  Pan Abode

3    then filed a stipulation and motion to dismiss the appeal, which the Washington Court of

4    Appeals granted in June 2019.  (*Id.* ¶ 33.)

5         On September 4, 2019, the Superior Court issued an order substituting Pan Abode

6    for Amana as the respondent in that condemnation action.  (*Id.* ¶ 34.)  On October 25,

7    2019, King County and Pan Abode filed a joint motion for entry of a stipulated final

8    judgment and decree of appropriation in condemnation and order of disbursement

9    ("Judgment") and provided Plaintiffs with a copy of the motion.  (*Id.* ¶ 35; KC MTD

10   (Dkt. # 19), Ex. 1 ("Stip. Mot. for Judgment") (Joint Motion for Entry of Stipulated Final

11   Judgment and Decree of Appropriation in Condemnation, 18-2-18296-4 KNT).)  On

12   November 4, 2019, Amana filed a motion to intervene in the condemnation action to

13   oppose the appropriation of Amana's leasehold interest to King County and King

14   County's payment of $170,000 to Pan Abode as just compensation for that leasehold

15   interest.  (Compl. ¶¶ 35-36; KC MTD, Ex. 2 (Motion to Intervene, 18-2-18296-4 KNT).)

16   On November 12, 2019, the Superior Court denied Amana's motion to intervene and

17   issued the Judgment.  (Compl. ¶ 36; KC MTD, Ex. 3 (Stipulated Final Judgment and

18   Decree of Appropriation in Condemnation, 18-2-18296-4 KNT).)

19        Plaintiffs commenced this action against Defendants on November 14, 2022.  (*See*

20   *generally* Compl.; Dkt.)  They bring claims against Defendants under 42 U.S.C. § 1983,

21   alleging that Defendants violated their rights under the Fourth, Fifth and Fourteenth

22   Amendments.  (Compl. at 7-10 (bringing 4 claims against KC Flood and the King County

1    Defendants, and one claim against Pan Abode).)  Each of Plaintiffs' claims arise from

2    Defendants' involvement in the Condemnation Action, including the events preceding the

3    action's initiation.  (*See generally id.*; *see, e.g.*, *id.* ¶ 52 ("The County Defendants and

4    Pan Abode and each of them knowingly and willfully conspired and agreed among

5    themselves to deprive Plaintiffs of their leasehold interest and the just compensation for

6    the taking of it in violation of the Fourth, Fifth, and Fourteenth Amendments.").)

7         After appearing in this action, Defendants moved to dismiss Plaintiffs' claims

8    against them on several grounds, including that Plaintiffs' claims are time-barred by the

9    applicable three-year statute of limitations.[6]  (*See* KC MTD at 7-10; KC Flood MTD

10   (Dkt. # 27) at 8; Pan Abode MTD at 8-9.)  Plaintiffs then filed the instant motions for

11   extensions of time, arguing that good cause exists to extend the deadlines to respond to

12   Defendants' motions to dismiss and to file an amended complaint.  (*See* MMTE; CMTE.)

13                    **III.   ANALYSIS**

14        A trial court may dismiss a claim *sua sponte* under Federal Rule of Civil

15   Procedure 12(b)(6).  *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987)

16   (citing *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981)); *see also Franklin v. State of*

17   *Oregon, State Welfare Div.*, 662 F.2d 1337, 1341 (9th Cir. 1981) (citing *Dodd v. Spokane*

18   *Cnty.*, 393 F.2d 330, 334 (9th Cir. 1968)).  Unless it is apparent that the plaintiff "cannot

19   possibly win relief," *sua sponte* dismissal is appropriate only after providing the parties

20   an opportunity to be heard.  *Wong*, 642 F.2d at 361-62; *see also Shoop v. Deutsche Bank*

21

22        [6] Defendants' motions are not yet ripe for review.  (*See generally* Dkt. (reflecting a
     noting date of April 14, 2023 for each motion to dismiss).)

1    *Nat. Tr. Co.*, 465 F. App'x 646, 647 (9th Cir. 2012) (affirming district court's Rule

2    12(b)(6) *sua sponte* dismissal of plaintiffs' Truth in Lending Act claims as time-barred,

3    "despite not providing [plaintiffs'] notice and an opportunity to oppose dismissal").  For

4    the reasons discussed below, the court declines to rule on Plaintiffs' motions to extend at

5    this time and instead ORDERS Plaintiffs to SHOW CAUSE why the court should not

6    dismiss Plaintiffs' claims as time-barred.

7    **A.    Legal Standard Regarding Failure to State a Claim**

8         Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for

9    "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

10   Because Plaintiffs are proceeding *pro se*, the court must construe their pleadings liberally.

11   *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992).  Nonetheless, their

12   complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to

13   relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

14   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The court takes the well-pleaded

15   factual allegations as true and view such allegations in the light most favorable to the

16   plaintiff.  *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir.

17   1998).  However, the court need not accept as true a legal conclusion presented as a

18   factual allegation, *Iqbal*, 556 U.S. at 678, nor is the court required to accept as true

19   "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

20   inferences," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

21   Additionally, the court need not "accept as true allegations that contradict matters

22   properly subject to judicial notice or by exhibit."  *Id.*

1    Under Rule 12(b)(6), dismissal is proper on grounds that a claim is barred by the

2  applicable statute of limitations where the running of the limitations period "is apparent

3  on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*,

4  592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d

5  992, 997 (9th Cir. 2006)); *see also Supermail Cargo, Inc. v. United States*, 68 F.3d 1204,

6  1206 (9th Cir. 1995) ("[A] complaint cannot be dismissed unless it appears beyond doubt

7  that the plaintiff can prove no set of facts that would establish the timeliness of the

8  claim.").

9  **B.    Whether Plaintiffs' Claims are Time-Barred**

10    The statute of limitations period for a 42 U.S.C. § 1983 claim is "that of the forum

11  state's statute of limitations for personal injury torts." *Elliott v. City of Union City*, 25

12  F.3d 800, 802 (9th Cir. 1994).  Personal injury lawsuits in Washington, with a few

13  exceptions not applicable here, are governed by a three-year statute of limitations.  RCW

14  4.16.080(2); *see also A.T. v. Everett Sch. Dist.*, 300 F. Supp. 3d 1243, 1252 (W.D. Wash.

15  2018), *aff'd*, 794 F. App'x 601 (9th Cir. 2019).  Although state law "determines the

16  length of the limitations period, federal law determines when a civil rights claim

17  accrues." *Lukovsky v. City & Cnty. of S.F.*, 535 F.3d 1044, 1048 (9th Cir. 2008).  Under

18  the federal common law discovery rule, the limitations period for § 1983 claims begin to

19  accrue "when the plaintiff knows or has reason to know of the injury which is the basis of

20  the action." *Id.*

21    Here, Plaintiffs filed this lawsuit on November 14, 2022.  (*See generally* Compl.;

22  Dkt.)  Therefore, Plaintiffs' § 1983 claims must have begun to accrue after November 14,

1    2019, to be timely.  As discussed below, the court preliminarily concludes that Plaintiffs'

2    claims are untimely.

3           Plaintiffs' § 1983 claims against Defendants arise from the facts surrounding the

4    condemnation of Plaintiffs' leasehold interest.  (*See* Compl. at 3-10.)  Every fact alleged

5    in Plaintiffs' complaint with respect to Defendants' involvement in the Condemnation

6    Action, as well as the events preceding that action, occurred prior to November 14, 2019.

7    (*See generally id.* at 3-7; KC MTD, Ex. 1.)  Under the most generous reading of the

8    complaint, the very latest date that could have caused the three-year statute of limitations

9    to start running was October 25, 2019.[7]  On that date, Plaintiffs received a copy of King

10   County and Pan Abode's joint motion for entry of a stipulated final judgment and decree

11   of appropriation in condemnation and order of disbursement, which appropriated

12   Plaintiffs' leasehold interest to King County and provided $170,000 to Pan Abode as just

13   compensation for that interest.  (*See* KC MTD, Ex. 1; Compl. ¶ 35.)

14          In light of this reasoning, the court preliminarily concludes that Plaintiffs' claims

15   against Defendants are time-barred.  Accordingly, ORDERS Plaintiffs to show cause why

16   the court should not dismiss their claims as time-barred.  Plaintiffs must respond to this

17

18          [7] Although the Superior Court did not deny Plaintiffs' motion to intervene and enter the
     order and judgment until November 12, 2019 (Compl. ¶ 36), the Superior Court is not a party to
19   this action, and thus, the Superior Court's rulings are not relevant for the purposes of
     determining when Plaintiffs' § 1983 claims began to accrue.  Moreover, to the extent Plaintiffs
20   challenge the Superior Court's orders and judgment, their claims would likely be barred under
     the Rooker-Feldman doctrine, which "bars suits 'brought by state-court losers complaining of
21   injuries caused by state-court judgments rendered before the district court proceedings
     commenced and inviting district court review and rejection of those judgments.'"  *Carmona v.*
22   *Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010) (quoting *Exxon Mobil Corp. v. Saudi Basic*
     *Indust. Corp.*, 544 U.S. 280, 284 (2005)).

show cause order, in no more than 1,750 words, **on or before April 21, 2023**.  The court

warns Plaintiffs that failure to timely respond to this order will result in the dismissal of

this action.  Further, the court DEFERS ruling on Plaintiffs' motions to extend and

Defendants' motions to dismiss.  The court will reset the remaining reply deadline with

respect to Plaintiffs' motions to extend and response and reply deadlines with respect to

Defendants' motions to dismiss, if appropriate, after it reviews and rules on Plaintiffs'

response to this show cause order.  Accordingly, Plaintiffs do not need to respond to

Defendants' motions to dismiss, nor do they need to file a reply in support of their

motions to extend, and Defendants do not need to file replies in support of their motions

to dismiss unless and until the court orders them to do so.

## IV.   CONCLUSION

For the foregoing reasons, the court ORDERS Plaintiffs to show cause why the

court should not conclude that Plaintiffs' claims are time-barred and dismiss this action.

Plaintiffs must respond to this show cause order, in no more than 1,750 words, **on or

before April 21, 2023**.  Further, the court DEFERS ruling on Plaintiffs' motions to

extend (Dkt. ## 31, 32) and Defendants' motions to dismiss (Dkt. ## 19, 26, 27).  The

court will reset the remaining reply deadline with respect to Plaintiffs' motions to extend

and response and reply deadlines with respect to Defendants' motions to dismiss, if

appropriate, after it reviews and rules on Plaintiffs' response to this show cause order.

//

//

//

1    Dated this 6th day of April, 2023.

2

3    _____

4    JAMES L. ROBART
     United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22