UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMANA GLOBAL COMPANY, et al., <br><br>  Plaintiffs, <br><br> v. <br><br> KING COUNTY FLOOD CONTROL ZONE DISTRICT, et al., <br><br>  Defendants. | CASE NO. C22-1626JLR <br><br> ORDER |

Before the court are *pro se* Plaintiffs Amana Global Company ("Amana") and Hafid Tahraoui's (collectively, "Plaintiffs")[1] motions (1) for reconsideration of the court's April 25, 2023 order dismissing Plaintiffs' claims for lack of subject matter jurisdiction (MFR (Dkt. # 48); Am. MFR (Dkt. # 49); Tahraoui Decl. (Dkt. # 50); *see* 4/25/23 Order (Dkt. # 46)) and (2) to accept a late filing and for leave to file an

---

[1] Mr. Tahraoui is the owner of Amana, a sole proprietorship. (Compl. (Dkt. # 1) ¶¶ 1-2.)

ORDER - 1

overlength brief (Mot. (Dkt. # 51)).  For the reasons stated below, the court DENIES the motion for reconsideration and GRANTS the motion to accept a late filing and for leave to file an overlength brief.

The court begins by addressing Plaintiffs' motion to accept a late filing and for leave to file an overlength brief.  Plaintiffs ask the court to accept Plaintiffs' untimely and overlength amended motion for reconsideration and the accompanying declaration of Mr. Tahraoui.  (Mot. at 2; *see also* Am. MFR; Tahraoui Decl.)  Plaintiffs filed their motion for reconsideration at 11:58 p.m. on May 9, 2023, 2 minutes before the deadline elapsed.  (*See* MFR); Local Rules W.D. Wash. LCR 7(h)(2) (setting the deadline for such motions).  Plaintiffs then filed an amended, overlength motion and a supporting declaration on the morning of May 10, 2023.  (*See* Am. MFR; Tahraoui Decl.)  The court admonishes Plaintiffs, who are experienced *pro se* litigants, for failing to request an extension of the applicable deadline or leave to file an overlength brief before the applicable deadline elapsed.  *See* Local Rules W.D. Wash. LCR 7(j) (providing that a motion for relief from a deadline should be filed "sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline").  Nevertheless, to have a more complete record on reconsideration, and given the relatively minor delay and additions to facts and law discussed in the original motion for reconsideration, the court will accept the amended motion for reconsideration and supporting declaration.

The court now turns to address Plaintiffs' motion for reconsideration.  "Motions for reconsideration are disfavored."  Local Rules W.D. Wash LCR 7(h)(1).  The court "will ordinarily deny such motions" unless the moving party shows (1) manifest error in

ORDER - 2

the prior ruling, or (2) new facts or legal authority which could not have been brought to the attention of the court earlier through reasonable diligence. *Id.*

Plaintiffs seek reconsideration on two grounds. First, Plaintiffs assert that they should have been afforded an opportunity to be heard on the jurisdiction issue before the court *sua sponte* dismissed the case. (Am. MFR at 2.) "While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction." *Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) (citations omitted). Although the court was not required to give Plaintiffs an opportunity to be heard before dismissing this case for lack of subject matter jurisdiction, the court put Plaintiffs on notice in its show cause order regarding the timeliness of Plaintiffs' claims that to the extent Plaintiffs sought to challenge the Superior Court's orders and judgment, such challenges would likely be barred under the *Rooker-Feldman* doctrine. (4/25/23 Order at 6 (citing OSC (Dkt. # 39) at 8 n.7).) Thus, in responding to the court's order to show cause order, Plaintiffs had the opportunity to, and did, address whether their claims were barred by *Rooker-Feldman*. (Am. OSC Resp. (Dkt. # 45) at 5.) Plaintiffs have failed to demonstrate manifest legal error in this element of the court's prior ruling, and the court denies Plaintiffs' motion for reconsideration on this ground.

Second, Plaintiffs contend that the court incorrectly concluded that *Rooker-Feldman* bars Plaintiffs' claims. (*See* Am. MFR at 2-8 (making a number of arguments in support of this contention).) Plaintiffs argue, for example, that *Rooker-Feldman* is inapplicable because they were not parties to the state court Condemnation Action. (*See*

*id.* at 2-4, 6-7.) The court, however, considered and rejected this argument in its April 25, 2023 order. Specifically, the court recognized that the *Rooker-Feldman* doctrine is ordinarily applicable only to actions brought by federal plaintiffs who were parties in the previous state court action, but concluded that the doctrine applied to Plaintiffs because "they were active litigants in that Action for the year preceding Pan Abode's purchase of Amana's interest and substitution into the Action"[2] and "were actively involved in the Condemnation Action with respect to the [judgments and orders] at issue here." (4/25/23 Order at 11-12.) Plaintiffs also argue that *Rooker-Feldman* is inapplicable because they "are not challenging the Condemnation Action or the denial of intervention." (Am. MFR at 8.) The court rejected this argument, too, in its April 25, 2023 order, concluding that "although Plaintiffs do not directly attack the order denying Amana's motion to intervene and the Final Judgment, Plaintiffs' claims constitute a *de facto* appeal of such decisions because they are 'inextricably intertwined' with those decisions." (4/25/23 Order at 9-10 ("[T]o determine if Defendants violated Plaintiffs' constitutional rights with respect to the Condemnation Action, this court would necessarily have to review the Superior Court's orders and judgments authorizing Defendants' actions and declaring Defendants' rights.").) Plaintiffs have failed to show manifest error in the court's ruling that

//

//

---

[2] Plaintiffs' statements that they "neither abandoned nor waived their rights in the [C]ondemnation [A]ction" and that "there was no voluntary substitution" in one of Amana's earlier appeals (Am. MFR at 5) do not alter the court's *Rooker-Feldman* analysis.

Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine and have failed to raise any new facts or legal authority that would justify reconsideration.[3]

For the foregoing reasons, the court DENIES Plaintiffs' motion for reconsideration (Dkt. ## 48, 49) and GRANTS Plaintiffs' motion to accept a late filing and for leave to file an overlength brief (Dkt. # 51).

Dated this 10th day of May, 2023.

JAMES L. ROBART
United States District Judge

---

[3] In the instant motion, Plaintiffs state that the Superior Court summarily denied Amana's motion to intervene in the Condemnation Action, making it unclear whether the Superior Court "had even considered the motion to intervene" on the merits, and the Washington State Court of Appeals denied Amana's appeal for lack of standing. (Am. MFR at 6.) However, the court's ultimate conclusion remains unchanged. Plaintiffs' § 1983 claims constitute a *de facto* appeal of, at minimum, the Superior Court's entry of the Final Judgment in the Condemnation Action and any orders that supported the entry of such judgment.

ORDER - 5